**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ALBERT W. HORNER,                )<br>                                                    )<br>            Petitioner,            )<br>                                                    )<br>v.                                              )       No.  1:07-cv-1414-DFH-JMS<br>                                                    )<br>WENDY KNIGHT, Superintendent, )<br>                                                    )<br>            Respondent.            ) | |

**Entry Denying Petition for Writ of
Habeas Corpus and Directing Entry of Judgment**

  Indiana prisoner Albert W. Horner ("Horner") seeks a writ of habeas corpus with respect to his conviction in April 1998 for Burglary as a Class A felony in an Indiana state court. He claims that (a) there was insufficient evidence to support his conviction for Burglary as a Class A felony, and (b) the trial court's failure/refusal to instruct the jury on the lesser offense of Burglary. Because the pleadings and the expanded record do not establish Horner's entitlement to relief here, however, his petition for a writ of habeas corpus must be denied and this action dismissed. This conclusion is based on the following facts and circumstances:

  1.  Horner was convicted of Burglary as a Class A felony, of Criminal Deviate Conduct, and of Attempted Rape. His convictions were affirmed on appeal in *Horner v. State,* No. 91A04-9806-CR-00327 (Ind.Ct.App. July 23, 1999)(*Horner I*). The trial court's subsequent denial of Horner's petition for post-conviction relief was affirmed on appeal in *Horner v. State,* No. 91A02-0509-CR-903 (Ind.Ct.App. March 1, 2007)(*Horner II*).

  2.  Horner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). He may obtain such a writ if he establishes that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). See *Conner v. McBride,* 375 F.3d 643, 649 (7th Cir. 2004). "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. §2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese,* 541 U.S. 27, 29 (2004)(internal quotations and citations omitted).

3. Horner has completed his direct appeal and his post-conviction challenge in the Indiana courts, but must contend with the State's argument here that he committed procedural default as to the habeas claims. Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992). That describes the status of Horner's habeas claims. These were included in *Horner II,* but were found to have been waived because Horner could have raised them in *Horner I. Horner II,* at p. 7.

4. When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.,* the errors worked to the petitioner's "*actual* and substantial disadvantage,"; or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.,* a claim of actual innocence)." *Conner v. McBride,* 375 F.3d 643, 648 (7th Cir. 2004) (internal citations omitted); see also *Dellinger v. Bowen,* 301 F.3d 758, 764 (7th Cir. 2002).

5. Although Horner asserts that he has established both cause for his default and prejudice from it, and that the failure to consider his claim would result in a fundamental miscarriage of justice, he has not done so in a persuasive manner.

   a. At most, he suggests that his showing of "cause" rests on the ineffective assistance of counsel in his direct appeal. Although it is true that ineffective assistance rising to the level of a constitutional violation can constitute "cause" sufficient to excuse a procedural default, *Murray v. Carrier,* 477 U.S. 478, 488 (1986); *Steward v. Gilmore,* 80 F.3d 1205, 1212 (7th Cir. 1996), it does not do so in this case because it has not been independently presented to the Indiana state courts. *Lemons v. O'Sullivan*, 54 F.3d 357, 360 (7th Cir. 1995); *Lostutter v. Peters,* 50 F.3d 392, 396 (7th Cir. 1995).

   b. Horner also states that it would be a fundamental miscarriage of justice for his claims not to be addressed, but he does not make a plausible case for his factual innocence. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 624 (1998). A claim of actual innocence requires a petitioner to show (1) new reliable evidence not presented at trial establishing (2) that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence. *House v. Bell,* 547 U.S. 518, 537-38 (2006). Horner has not "made an attempt to show actual innocence, as opposed to legal innocence, as required to support the finding of a fundamental miscarriage of justice." *Spreitzer v. Schomig,* 219 F.3d 639, 648-49 (7th Cir. 2000). He offers no new evidence whatsoever, and nothing in his arguments as to either of his claims suggest that it is more likely than not that no reasonable juror would have convicted him in the light of any of the circumstances he describes. The miscarriage of justice exception to procedural default is therefore not available to Horner.

   6. On the basis of the foregoing, Horner's claims are not available in this case for review on their merits. Accordingly, his petition for a writ of habeas corpus is denied, and judgment consistent with this Entry shall now issue.

   So ordered.

*David F. Hamilton*

DAVID F. HAMILTON, Chief Judge
United States District Court

Date:   6/18/2008